THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MONARCHY RUSH NO MORE RV RESORT, LLC,

    Plaintiff,

v.                                                                                                   No. 1:22-cv-00881-DHU-KK

BLACK HILLS TITLE, INC.,
a South Dakota corporation, and
PIONEER BANK & TRUST,
a South Dakota corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (i) Plaintiff's Motion for Entry of Default Judgment (Doc. 6) and (ii) Defendant Black Hills Title's Opposed Motion to Set Aside Entry of Default and Supporting Memorandum (Doc. 16). Upon reviewing the parties' briefs, applicable law, and oral argument on September 27, 2023, Defendant's Motion is **GRANTED** and Plaintiff's Motion is **DENIED AS MOOT**.

## BACKGROUND

Defendant BHT is a South Dakota corporation with its principal place of business in South Dakota. On November 19, 2022, Plaintiff sued Defendant BHT in this Court for making a purportedly improper disbursement of escrowed funds from Defendant BHT's account at Pioneer Bank and Trust in South Dakota, following the failure of a transaction in which Plaintiff intended to purchase real property in Sturgis, South Dakota. Defendant BHT denies any wrongdoing.

On January 23, 2023, Plaintiff moved the Court to enter a default judgment against Defendant BHT. *See* Doc. 6. In its motion, Plaintiff stated it sent a copy of its complaint and the summons in this matter on "November 19 or 20, 2022," to Dan Roe, who is the president of

1

Defendant BHT, as well as its registered agent in South Dakota. However, this was likely a typographical error, because the Court did not actually issue a summons in this matter until November 21, 2022.

On January 26, 2023, Plaintiff requested that the Court Clerk enter a default against Defendant BHT. *See* Doc. 9. In that request, Plaintiff stated it had emailed its complaint and the summons to Mr. Roe on November 21, 2022. Plaintiff also asserted it sent a copy of the complaint and summons by certified mail to Defendant BHT, and that this mail was received on December 27, 2022, in South Dakota by an authorized representative of Defendant BHT. The Court Clerk entered the Default on January 30, 2023. *See* Doc. 10.

## STANDARD

The Court may set aside an entry of default for good cause. *See* Fed.R.Civ.P. 55(c). The good cause standard is a less demanding standard than the excusable neglect which must be shown for relief from judgment under Federal Rule of Civil Procedure 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The good cause standard is liberal because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

When determining whether to vacate a clerk's entry of default, the court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether plaintiff will be prejudiced by setting aside the entry of default; and (3) whether defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed.Appx. 798, 801 (10th Cir. 2003). The Court is not required to consider all of these factors, and may consider other factors as well, if merited. *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992). The decision to set

aside an entry of default lies within the discretion of the Court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

## DISCUSSION

Defendant has demonstrated good cause to set aside the entry of default because it was improperly served. "Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden of establishing the validity of service is on the plaintiff.  *See Fed. Deposit Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992).

Under Fed. R. Civ. P. 4(h)(1), proper service on a foreign corporation requires either (a) delivery of a copy of the summons and complaint to an officer, managing or general agent, or other agent of the corporation authorized by law to receive service of process, or (b) service in the manner prescribed by Fed. R. Civ. P. 4(e)(1) for service upon an individual. Rule Fed. R. Civ. P. 4(e)(1) permits a foreign corporation to be served in accordance with the law of the State in which the corporation is served.

Defendant argues that South Dakota law, like federal law, does not permit process to be served on corporations by certified mail. Doc. 16 at 4 (citing South Dakota Rules of Civil Procedure ("SDCL") § 15-6-4(d)(1), which requires in-person delivery of summons to corporate officer, director, registered agent, or person in charge of business office).  Plaintiff argues that South Dakota law does allow for service by mail, but concedes that the law that allowing such services also requires an affidavit of receipt be submitted, two copies of the pleading be enclosed and the admission of service be mailed within twenty days.  Doc. 17 at 3 (citing SDCL § 15-6-4(i)).  Plaintiff then argues that South Dakota courts have held that substantial compliance is the appropriate standard as opposed to strict compliance.  *Id.*

3

Plaintiff has not shown that service in this matter was valid.  It has not made a showing that Defendant BHT agreed to waive service of process, or that it agreed to accept service of process by email or certified mail.  Plaintiff's argument that it has substantially complied with the South Dakota statutes is not sufficient.  Plaintiff's sending process in this matter to Defendant BHT by email and certified mail does not constitute valid service under Fed. R. Civ. P. 4(h)(1).

Plaintiff has not shown that it will be prejudiced by the Court setting aside the entry of default.  Regarding the culpable conduct factor, the Court agrees that this entry of default was not the result of Defendant's culpable conduct. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *United States v. Timbers Preserve, Routt County*, Colo., 999 F.2d 452, 454 (10th Cir.1993). Here, Defendant was not properly served, so the entry of default was not the result of its culpable conduct.

Plaintiff's reliance on *Roberson v. Farkas*, Civ. No. 09-795-JCH-WDS is misplaced.  In *Roberson*, the Court denied a defendant's motion to set aside the clerk's entry of default. The Court found that the defendant acted willfully and without excuse in failing to response to the plaintiff's complaint.  It also found that the plaintiff was likely to suffer prejudice. These findings run counter to what this Court has already found here, that is, the lack of culpable conduct and lack of prejudice.  The other main case cited by Plaintiff for its substantial compliance argument, *Wagner v. Truesdell*, 1998 SD 9, 574 N.W.2d 627 (1998), is also inapposite because it involved unique circumstances where a caretaker was served at a home, rather than the defendant or his family member, and did not involve a foreign corporate defendant. Again, "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).  For all of these reasons, Defendant's Motion will be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Black Hills Title's Opposed Motion to Set Aside Entry of Default and Supporting Memorandum (Doc. 16) is **GRANTED** and Plaintiff's Motion for Entry of Default Judgment (Doc. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Defendant must file an answer within sixty (60) days after the filing of this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE